No. 41633.—Protests 879838–G, etc., of M. Pressner & Co. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel the pencil sharpeners in question were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.

No. 41634.—Protests 967780–G, etc., of Amerlux Steel Corp. (Los Angeles).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of Wilbur-Ellis Co. v. United States (26 C. C. P. A. 403, C. A. D. 47) the bale ties in question were held free of duty as agricultural implements under paragraph 1604 as claimed.

No. 41635.—Protest 986564–G of Movado Watch Agency, Inc. (New York).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of parts of watch movements similar to those the subject of Benrus v. United States (T. D. 49289).  The claim at 45 percent under paragraph 367 (c) (1) was therefore sustained.

BEFORE THE FIRST DIVISION, JUNE 14, 1939

No. 41636.—Protest 848502–G of General Steamship Corp. (Los Angeles).

Opinion by McCLELLAND, P. J.  The record disclosed that the merchandise consists of a semisolid substance made of a mixture of sodium silicate, chalk, and water, and that it is used on oil tankers for the purpose of preventing contamination of subsequent cargoes.  From the dictionary definition it appears that paints have two uses, to decorate a surface and to protect a surface.  From the testimony it was found that the purpose of the use of the mixture in question was not to decorate or protect the surface of the oil tanks but to protect succeeding cargoes of whale oil from contamination by preceding cargoes of fuel oil.  The claim at 20 percent under paragraph 1558 was sustained.

No. 41637.—Protests 782191–G, etc., of International Clearing House of N. Y. (Philadelphia).

Opinion by McCLELLAND, P. J.  It was stipulated that the merchandise consists of dried crude flowers cut off the stems, which are cleaned after importation and repacked in tin boxes, and that they are placed in bags for sachet purposes. On the authority of Peek v. United States (T. D. 48428) the claim for free entry under paragraph 1722 was sustained as it was found that the merchandise does not consist of an article of perfumery but is a material from which such articles may be made.